Penn v. Thomass

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-158-CV

DREXEL PENN APPELLANT

V.

NELSON THOMAS AND APPELLEES

CONNIE THOMAS

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This appears to be an appeal from a final judgment in a property dispute signed May 7, 2004 following a February 18, 2004 trial to the bench, the issues on appeal being unclear. 

II.  Pro Se

Appellant Drexel Penn appears pro se, as he did at the trial of this case.  An individual may appear or prosecute his suit without the assistance of an attorney.
(footnote: 2)  
Tex. R. Civ. P.
 7.
  We adhere to the basic tenet that 

no basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether rules of procedure must be followed. . . . There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.  Litigants who represent themselves must comply with the applicable procedural rules or else they would be given an unfair advantage over litigants represented by counsel.  

Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978).  

III.  Appellant’s Brief

On November 17, 2004 the clerk of this court forwarded a letter to Penn indicating that his brief was not in compliance with the Texas Rules of Appellate Procedure for numerous reasons and included directives that (1) “[t]he brief does not comply with Rule 38.1(d), as although it contains a statement of the case, it does not include record references,” and (2) “[t]he brief does not comply with Rule 38.1(h), as it does not contain a clear and concise argument for the contentions made, with appropriate citations [made] to legal authorities and to the record.”  Penn was directed to file an amended brief by December 8, 2004, which complied with the numerous requirements of the Texas Rules of Appellate Procedure as set forth in the letter of November 17, 2004.  He was further informed that the failure to comply with the letter might result in the striking of his brief or dismissal of the appeal.  On December 6, 2004, Penn filed his amended brief.  It still contains no citations to the record, no citation to legal authority, and no clear argument as to the legal principles involved in whatever causes of action his complaints concern on appeal.  Also, although the case was abated September 30, 2004 in order for Penn to file an affidavit of indigence, based on his untimely letter to the court indicating his inability to pay and his allegation that he was misled as to the cost of the appeal, no reporter’s record has been filed with the court.

IV.  Conclusion

Penn has failed to comply with the court’s letter of November 17, 2004 and with the requirements of the Texas Rules of Appellate Procedure.  We must therefore overrule his points and affirm the judgment of the trial court. 
 See
 
Tex. R. App. P.
 42.3.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Unfortunately, however, due to the complexity of our legal system, proceeding pro se may sometimes be akin to a layman removing his own appendix—it may be possible, but the results may not be those intended.  This case highlights the continued need for the various programs available to those unable to afford an attorney.